## Martha A. Carter v. A. L. Moulton.

1. Promissory Note—*Delivery—Liability of Surety.* Where several persons sign a negotiable promissory note as joint makers, and intrust the same to one of their number, who is in fact the principal, and known to be so by the payee, it will be presumed that such principal has the right to deliver the same to the payee and receive the consideration therefor; and no private understanding between the surety and the principal with reference to any act to be done before the delivery of the note of which the payee has no notice can defeat a recovery on the note.

2. Written Instrument, *When an Escrow—When not.* A written instrument can only become an escrow when it is placed in the hands of a person not a party to it. The delivery of a promissory note into the hands of one of several joint makers by the others, on any agreement or understanding between themselves with reference to its delivery, does not impart to it the legal qualities of an escrow.

*Error from Marion District Court.*

ACTION by *Moulton* against *Carter* on a promissory note. Plaintiff's demurrer to defendant's answer was sustained, and defendant comes to this court.   The opinion states the facts.

*Jetmore & Jetmore,* for plaintiff in error :

1.  It is conceded by the demurrer that the plaintiff in error signed the note as surety only, which was at the time known to the defendant in error, the payee of the note; and that she so signed the same on the express condition that it should remain in escrow and should not be delivered to the payee, and should not become valid as to the plaintiff in error, as such surety, until the real-estate mortgage should be executed by the principal of said note, on his homestead, to secure the payment thereof, which condition was never performed.   By the failure to perform said condition, the note is not the contract of the plaintiff in error, and she is not liable thereon. This doctrine seems to be well settled on principle and authority. *Pepper v. The State,* 22 Ind. 399; *The State v. Bostwick,* 32 N. Y. 445; *Pawling v. United States,* 4 Cranch, 219; *State Bank v. Evans,* 3 Green (N. J.), 155; *Ayres v. Milroy,* 53 Mo. 516; *Lovett v. Adams,* 3 Wend. 380; *Moore v. Cockroft,* 4 Duer, 133; *Johnson v. Weatherwax,* 9 Kas. 75; 1 Story, Eq. Jur., § 164a.

And the above rule holds good as to all written obligations (unless as to deeds of real estate), upon the principle that, until the condition is complied with, the contract is not complete and the instrument is only an escrow. *Hathway v. Payne,* 34 N. Y. 92.

And this doctrine applies to negotiable instruments, except in the hands of a *bona fide* holder for value before due. *Mickles v. Calvin,* 4 Barb. 304; *Farington v. Bank,* 24 id. 554; *Chapman v. Rose,* 56 N. Y. 137; *Bodley v. National Bank,* 38 Kas. 59; *Hatch v. Barrett,* 34 id. 223; *Briggs v. Latham,* 36 id. 205, 210; *Bank v. Ayres,* 16 Ohio, 282, 292.

A promissory note negotiable in form may be held in es-
crow. *Taylor v. Thomas,* 13 Kas. 217; *Ogdon v. Ogdon,* 4
Ohio St. 182.

The instrument in suit has never been negotiated.   It has
not in fact ever acquired a commercial character; and there is
nothing in this case to bring it within the principles of the
law merchant, save the mere form of a negotiable promissory
note.   In fact, it only could acquire a commercial character,
and become a negotiable instrument under the statute of Kan-
sas, "by indorsement thereon" before due.   Gen. Stat. of
1889, ¶¶ 477, 478; Edw. Bills & N., p. 287; *Norton v. Fos-
ter,* 12 Kas. 44; *McCrum v. Corby,* 11 id. 470; *Hatch v. Bar-
rett,* 34 id. 223; *Hadden v. Rodkey,* 17 id. 429; *Bank v.
Ayres,* 16 Ohio, 292; *Barnard v. Campbell,* 55 N. Y. 461;
1 Smith's Leading Cases (6th ed.), 742.

2.   The note in suit, never having been delivered, is void
as against the plaintiff in error.   A delivery is essential to
the validity of the note, whether negotiable or otherwise.
Edw. Bills & N., pp. 186, 192, 286; *Briggs v. Latham,* 36
Kas. 205; *Pawling v. United States,* 4 Cranch, 219; *Crawford
v. Foster,* 6 Ga. 202; 1 Wait, Act. & Def. 679.

And where the note is delivered as an escrow by the surety
to the principal, and by the latter to the payee, absolutely and
without condition, the ignorance of the payee does not dis-
charge the condition and constitute the delivery a valid de-
livery.   *Perry v. Patterson,* 5 Humph. 133; *Pawling v. United
States,* 4 Cranch, 218; *The People v. Bostwick,* 32 N. Y. 445.

*W. H. Carpenter,* for defendant in error:

Did the court below err in deciding that a surety who signs
a note that is perfect and complete on its face cannot set up,
as a defense to the payment of such note, that the note was
signed by him as a surety and delivered to the principal with
the understanding between principal and surety that the note
should not be delivered to the payee until a certain real-estate
mortgage was given by the principal to secure the payment
of the note?   The supreme court of Indiana, in the case of

*Deardorff v. Foresman,* 24 Ind. 481, say : "Where the surety places the instrument, perfect on its face, in the hands of the proper person to pass it to the obligee, the law justly holds that the apparent authority with which the surety has clothed him shall be regarded as the real authority, and as the condition of the delivery was unknown to the obligee, therefore the benefit of such condition shall not avail the surety." This decision was affirmed in *Webb v. Baird,* 27 Ind. 368, and *Blackwell v. The State,* 26 id. 204.

The same rule as laid down by the supreme court of Indiana has been announced in the following leading cases : *Bonner v. Nelson,* 57 Ga. 449; *Bank of Missouri v. Phillip,* 17 Mo. 30; *Merriam v. Rockwood,* 47 N. H. 81; *Gage v. Sharp,* 24 Iowa, 15 (exactly in point); *McCramer v. Thompson,* 21 id. 244; *Dair v. United States,* 16 Wall. 1 (the leading case); *Nash v. Fugate,* 24 Gratt. 202; 32 id. 595; *Cutler v. Roberts,* 7 Neb. 637; *The State v. Potter,* 63 Mo. 212; *The State v. Peck,* 53 Me. 284; *Webb v. Jones.* 1 Law Rep. (N. C.) 510; *Biglow v. Comeggo,* 5 Ohio St. 256; *Millet v. Packer,* 2 Metc. (Ky.) 608; *The State v. Pepper,* 31 Ind. 76.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by A. L. Moulton on a promissory note, which reads as follows :

"$600.                        MARION, KAS., December 7, 1887.

"Nine months after date, we promise to pay to the order of A. L. Moulton, at the Cottonwood Valley Bank, Marion, Kas., six hundred dollars, with interest at 12 per cent. per annum until paid.   Value received.      J. M. WISHART.

R. E. KNAPP.      R. C. CABLE.

C. E. FOOTE.      M. A. CARTER."

The defendant, M. A. Carter, filed her separate answer, which reads as follows (omitting title):

"Now comes the defendant, M. A. Carter, and for her separate answer herein says, that the consideration of the note sued on by the plaintiff herein was for money borrowed by J. M. Wishart of and from the plaintiff, no part of which was ever had or received by this defendant; that this defendant

signed said note as surety only for said Wishart, all of which was at the time well known and understood by the plaintiff; that this defendant signed her name to said note only as an escrow, on the express condition that said Wishart, the principal in said note, would hold the same as such escrow, and not deliver it to the plaintiff until he, the said Wishart, should execute in favor of said plaintiff, to secure the payment of said note and interest, a mortgage on his homestead in the city of Marion, county of Marion, state of Kansas, and upon that condition only did this defendant sign her name to said note, and not otherwise; and that defendant never delivered said note to plaintiff, nor authorized the same to be delivered, and if delivered by said Wishart, it was done without the authority or consent of defendant; that said Wishart failed, neglected and refused to execute said mortgage on his homestead in favor of said plaintiff to secure the payment of said note and interest as aforesaid. Wherefore, said note is not the act and deed of this defendant. Defendant having fully answered, asks to be discharged, with her costs."

To this answer the plaintiff demurred, and the district court sustained the demurrer, and the plaintiff in error brings the case here to review that decision.

Counsel for the plaintiff in error contend that the note sued on was signed by the plaintiff in error as surety only upon an expressed condition which was never performed, and that the plaintiff in error was therefore not liable; that the note is void because it was never delivered to the defendant in error by the plaintiff in error, or by her authority. It is conceded by the demurrer that the plaintiff knew the fact that M. A. Carter signed the note as surety, but it is nowhere averred that the plaintiff knew of the agreement between M. A. Carter and the principal in said note with reference to the giving of a mortgage. The plaintiff in error contends that the delivery of the note by the surety to the principal after its execution by the surety under an agreement of the kind stated in the answer made the instrument an escrow, and that no validity could be given to it by a delivery in violation of the terms agreed on between the parties.

It is true that the holder of an instrument placed in escrow

can give it no validity, generally speaking, by a delivery in violation of the agreement. In order to make the instrument an escrow, however, such delivery must be to a third person, not a party to the instrument. See Bouv. Law Dict. and cases therein cited; *The State v. Potter*, 63 Mo. 212.

The note in this case was perfect in form at the time it was delivered to the payee. It is not claimed that the principal made any change in the form of the note nor in the signatures thereto after it was signed by the plaintiff in error. It is the fact that it was delivered in violation of a secret understanding between the principal and the surety, which plaintiff in error claims renders the note void in the hands of the payee, who, for anything that appears in the note, paid full value for it. Many authorities are cited by counsel to sustain the proposition that the note is void as to the surety, but none of them go so far as to sustain the plaintiff's position in an action brought on a negotiable promissory note. In the case of *The State v. Bostwick*, 32 N. Y. 445, it is held, that a bond delivered under similar circumstances is void as to the surety; and in the case of *Pawling v. United States*, 4 Cranch, 219, the same doctrine is held. The New York case comments on the difference in the rule with reference to the delivery of a deed and a delivery of a sealed instrument securing the payment of money, and also on the difference between a bond and a negotiable bill of exchange or promissory note.

In the case of *Bank v. Luckow*, 37 Minn. 542, the delivery was to the agent of the payee; and in the case of *Perry v. Patterson*, 5 Humph. 133, the delivery was to the attorney of the payee. None of the cases cited by counsel for plaintiff in error are directly in point. The doctrine contended for, even as applied to bonds, is expressly denied, we think, by the weight of authority. (See *Dair v. United States*, 16 Wall. 1; *The State v. Potter*, 63 Mo. 212; *The State v. Peck*, 53 Me. 284.) The precise point presented in this case is very fully considered by the supreme court of Indiana in the case of *Deardorff v. Foresman*, 24 Ind. 481, where it is held:

"If a surety signs and delivers to his principal an instru-

ment perfect upon its face, with a condition that it is not to be delivered to the obligee, payee or grantee until some persons who are agreed on shall also execute the same, and the principal delivers the instrument without regard to the condition, and the obligee, payee or grantee has no knowledge of the condition, the delivery will bind the surety."

To the same effect also are the cases of *Gage v. Sharp*, 24 Iowa, 15; *Bonner v. Nelson*, 57 Ga. 433; *Fowler v. Allen*, 10 S. E. Rep. 947.

Where a negotiable promissory note, perfect in form, executed as in this case by a number of persons, is intrusted to one of the makers by all, we think there is a presumption that the party so holding the note has authority to deliver it to the payee. When a note so executed is presented by the principal to the payee without any notice to the payee of any understanding between the makers affecting the right of the principal to deliver to the payee, we think he is justified in assuming that the parties who so signed the note intended to be bound thereby, and that he may receive the note and deliver to the principal the consideration therefor, without first making inquiries of the other parties to the instrument for the purpose of learning whether there are any secret agreements or understandings affecting the instrument.

We see no error in the ruling of the court below, and the judgment will be affirmed.

All the Justices concurring.