# Scott *v.* Choctaw Bank.

*Assumpsit.*

(Decided June 13, 1912.   59 South. 184.)

*Banks and Banking; Officers; Notice Affecting Bank.*—Where the agent of an insurance company obtained a note by false representation and transferred it in the usual course of business to a bank, the cashier of which was the agent's partner in the insurance business, but the cashier had no actual knowledge of the fraud, the bank was bona fide holder of the note; the notice which the law imputes to the cashier, as a partner, of the manner in which his partner acquired the note not being imputable to him as an officer of the bank.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the Choctaw Bank against J. A. Scott upon a promissory note.   Judgment for plaintiff and defendand appeals.   Affirmed.

W. T. GLOVER, for appellant.   Misrepresentaion of a material fact is fraud.—16 Ala. 785; 22 Ala. 501.   The charge requested should have been given, as notice will be imputed to the bank officer.—29 L. R. A. (N. S.) 558 and note; *Morris v. 1st Nat. Bank,* 50 South. 136. The facts presented a question for the jury.—8 Cyc. 287. The court, therefore, erred in giving the affirmative charge.

W. L. GRAY, for appellee.   No brief reached the Reporter.

DE GRAFFENRIED, J.—C. R. Dickson was an agent of a life insurance company authorized by such company to solicit insurance.   Stating the case most strongly in favor of the appellant, Dickson, by misrepresentations amounting to fraud as to the provisions and value of a certain policy which he claimed his company was writ-

ing, induced the appellant to sign a negotiable note, payable to him, for the first premium on such policy, with the understanding and agreement that he would procure for and deliver to the appellant the policy. Dickson carried the note to appellee, and the appellee, in the usual course of business, and without notice of the alleged infirmity, bought the note from Dickson for value, before maturity. When appellee bought the note, it was duly indorsed by Dickson to the appellee. One Liddell was the cashier of appellee, and was, it appears, interested, probably as a partner with Dickson in said insurance business. It is not claimed that Liddell had any knowledge of the existence of the note until it was acquired by appellee, or that he was in any way informed as to the alleged fraud in the transaction between Dickson and appellant until some time after the note had been acquired by appellee. When the note was acquired by the bank, Liddell also indorsed it, as well as Dickson.

It cannot be successfully contended that, because Liddell, as a *partner* of Dickson, was charged with notice of the manner in which *Dickson* had acquired the note, the appellee, which had *no* connection with Dickson, was also charged with such notice, simply because *Liddell* was its *cashier*. The notice which the law imputed to Liddell, as a *partner* of Dickson, was not imputable to him as the *cashier* of appellee.—*Morris v. First National Bank of Sampson,* 162 Ala. 301, 50 South. 137.

In our opinion, the evidence, if believed, showed that the appellee was a bona fide holder of the note sued on; that it acquired the note in the due course of business, before its maturity, without notice of any defense which its maker may have had against its payee; and that therefore the appellee was entitled to the

affirmative charge which the trial court, at its written request, gave to the jury in its behalf.

The judgment of the court below is affirmed.

Affirmed.