No. 19,755.

THE FIRST NATIONAL BANK OF ELK CITY, *Appellee,* v. G. F. DIKEMAN et al., *Appellants.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Holder in Due Course—Knowledge of Bank's Cashier.* A bank which buys a negotiable note is not prevented from becoming a holder in due course by the fact that its cashier, through whom the purchase is made, was a director of the bank to which the note was given, at the time of its execution, he having no actual notice of any defect or defense.

2. SAME. Nor is such bank prevented from becoming a holder in due course by the fact that its cashier knew the note was given as the result of a settlement between the maker and payee, and that knowing of the pendency of negotiations to that end he had agreed with the payee to purchase the note.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed December 11, 1915. Affirmed.

*J. E. Brooks,* and *C. O. Buckles,* both of Sedan, for the appellants.

*W. H. Sproul,* of Sedan, for the appellee.

The opinion of the court was delivered by

MASON, J.: G. F. Dikeman and several sureties executed a negotiable note for $1475 to the Havana State Bank. The note was endorsed before maturity to the First National Bank of Elk City, which brought action upon it. Dikeman filed an

answer to this effect: At the time of the execution of the note he claimed that he had previously deposited $625 with the bank, for which he had never received credit; it was agreed between him and the payee that this matter should be investigated, and if his contention proved correct he should be allowed a credit for that amount on this note; and investigation showed this to be the case. The sureties defended on the ground that they had signed the note with the understanding that before delivery another surety should sign it, who failed to do so. The defendants, having the burden of proof, introduced their evidence, to which the plaintiff demurred. The demurrer was sustained and judgment was rendered accordingly. The defendants appeal.

The evidence in behalf of Dikeman showed this: Litigation was pending between him and the Havana bank, to end which, and to settle all matters in controversy, they entered into two written contracts, by which he agreed, among other things, to procure the execution and delivery of the note here sued upon. The plaintiff contends that to allow proof of an oral understanding that under certain circumstances the note was to be subject to a deduction would be to permit a written agreement to be varied by parol. The contention seems well founded.

The evidence in behalf of the sureties was to the effect that they signed the note at the request of Dikeman, with the understanding that it was also to receive an additional signature, which was not attached. The payee was not shown to have had any notice of this arrangement, and therefore was not affected by it. (*Carter v. Moulton*, 51 Kan. 9, 32 Pac. 633; Note, 130 Am. St. Rep. 927.)

But in any event, neither defense was available against the plaintiff, which was shown to be a holder of the note in due course, unless that was prevented by evidence tending to show these facts: The cashier of the plaintiff bank, who purchased the note from the payee, was at all times mentioned a director of the Havana bank, and knew at the time of the written settlement referred to that an adjustment was being made in the course of which Dikeman was to give some notes to the Havana bank, and agreed with the Havana bank to handle one of them.

The cashier of the Elk City bank had no actual knowledge of Dikeman's claim to a credit of $625. The fact that he was a director of the Havana bank might for some purposes be

Bank v. Dikeman.

deemed to charge him personally or as an officer of that bank with constructive notice. But such notice to the cashier did not affect the Elk City bank, because it was not acquired in the course of his agency, and therefore could not have been in his mind when he was transacting the business for his principal. (2 Enc. L. & P. 1191; 31 Cyc. 1587; 1 Mitchie on Banks and Banking, § 116, subdiv. 4; 1 Morse on Banks and Banking, 4th ed., § 108; 16 Dec. Dig., "Principal and Agent," § 179; 3 Dec. Dig., "Banks and Banking," § 116 (4) ; see, also, *Underwood v. Fosha,* ante, pp. 240, 242, 150 Pac. 571; Note, 3 L. R. A., n. s., 444.) The principle invoked is applied to bank cashiers, as well as to other agents. (*Scott v. Choctaw Bank,* 4 Ala. App. 648, 59 South. 184; *Bruce v. Citizens National Bank,* 185 Ala. 221, 64 South. 83; *Bank v. Garceau,* 22 N. Dak. 576, 134 N. W. 882.) In *Willard v. Denise,* 50 N. J. Eq. 482, 26 Atl. 29, it was said that in any transaction conducted personally by an agent, notice to him, however obtained, binds his principal, the court adding: "The fact that the information had not been acquired by him in the course of his agency does not militate against the application of the rule in question, when the agent personally participates in the later transaction in behalf of the corporation." (p. 483.) The authorities cited in support of this statement do not bear it out. The rule proposed would obviously do away entirely with any consideration of what was in the agent's mind, for this could have no possible bearing, except when he was personally participating in the transaction of his principal's business. Moreover, except in special cases not necessary to be noted in this connection, it is only in transactions in which he takes part that the agent's knowledge is ever imputed to the principal.

The fact that the cashier of the Elk City bank knew that the note was given by Dikeman in the course of a settlement with the Havana bank did not charge it with notice of any defect or defense. Knowledge of the consideration for which a note was given does not put a buyer on inquiry, or prevent his becoming a holder in due course. (*Leavens v. Hoover,* 93 Kan. 661, 665, 145 Pac. 877; *McKnight v. Parsons,* 136 Iowa, 390, 113 N. W. 858, and cases there cited.) That an agreement for the purchase of the note was made while negotiations for its execution were still pending does not affect the matter.

The judgment is affirmed.