NATHAN P. TUTTLE *vs.* JOSEPH P. WILSON and others.

June 9, 1885.

Promissory Notes—Assignment after Maturity—Set-Off.—By statute (Gen. St. 1878, c. 66, § 27) the assignee of an overdue negotiable promissory note is put on the same footing as the assignee of any other chose in action, and takes subject to any demand against his assignor and in favor of the maker, existing at the time of the assignment, which might have been set off against such assignor while the note belonged to him.

On April 7, 1874, one J. P. Wilson made and delivered to one H. T. Welles his promissory note for the sum of $1,000, due three years after date, and, to secure its payment, executed and delivered a mortgage upon certain real estate. On March 10, 1876, Welles assigned the note and mortgage to one William A. Richards. On October 7, 1876, Richards assigned the note and mortgage to one W. W. Gibbs, as security for a debt. On September 10, 1878, Gibbs assigned the note and mortgage to the plaintiff, under instructions from Richards,

who had paid his debt to Gibbs. Plaintiff brought this action in the district court for Clay county to foreclose the mortgage. The answer of the defendant Wilson alleges that the note and mortgage were made to Welles without consideration, and for the purpose of enabling Wilson to raise money; that the assignment to Richards was made in furtherance of this purpose, and upon the agreement that Richards should negotiate the note and mortgage and account to Wilson for the proceeds less his commission and expenses; that the assignment to Gibbs was unauthorized and fraudulent; that upon learning of the assignment the defendant repudiated it, and demanded the note and mortgage of Richards, and that when the note and mortgage were assigned to plaintiff, Richards was indebted to defendant in a sum exceeding $2,339, and was insolvent.

On the trial, before a referee, defendant offered evidence to prove the indebtedness owing to him from Richards as set up in the answer, which evidence was, on plaintiff's objection, excluded, and the referee, having found the facts as stated above, ordered judgment for plaintiff. Plaintiff appeals from an order by *Stearns,* J., granting a new trial.

*R. R. Briggs,* for appellant.

*W. H. Grant,* for respondent Wilson.

MITCHELL, J.[1] By statute the assignee of an overdue bill of exchange or negotiable promissory note is put upon the same footing as the assignee of any other chose in action. He takes it subject to any demand against his assignor, and in favor of the maker, existing at the time of the transfer, which might have been set off against the assignor while the note or bill belonged to him. Gen St. 1878, *c.* 66, § 27. *La Due* v. *First Nat. Bank of Kasson,* 31 Minn. 33. This note and mortgage were made payable to Welles, who transferred to Richards. Richards assigned to Gibbs as collateral security. Richards, having complied with the conditions of his assignment, and being entitled to a reassignment from Gibbs, sold the note and mortgage to plaintiff, and caused Gibbs to assign directly to him. Gibbs received nothing for this; the consideration being paid by plaintiff directly to

[1] Berry, J., took no part in this case.

Richards, from whom he purchased. The note in fact belonged to Richards. Plaintiff understood this. Hence the case stands precisely as if the assignment had been directly from Richards to plaintiff.

The demand against Richards, set up in the answer, could have been set off against the note while in his hands. Hence, the note being overdue, plaintiff took it subject to this demand against his assignor. Consequently the referee erred in refusing to allow defendant to prove this offset, and for that reason the court properly granted a new trial. The appellant seems unaccountably to have fallen into the errror of supposing that overdue paper is taken by any subsequent assignee subject only to defences existing against the payee at the time of his assignment, and that defences existing against an intermediate holder, while the note belonged to him, do not attach.

Order affirmed.