NEHEMIAH P. CLARKE v. M. M. WILLIAMS and Others.[1]

May 1, 1895.

Nos. 9190—(40).[2]

**Bond—Delivery before Execution by All the Obligors.**

When one or more persons sign a joint bond as guarantors or sureties, upon condition that certain other persons are to sign the same with them before the bond is delivered, and it is delivered without such condition being complied with, the bond cannot be enforced against the persons so signing as sureties, unless the obligee had no notice of the condition, or the sureties, after signing, waived the condition.

[1] Reported in 62 N. W. 1125.          [2] April, 1895, term.

**Same—Delivery.**

The delivery of a bond, to be effective, must be made with the intention of passing the title to it to the obligee, and such as would pass it beyond recall by the obligors.

**Same—Execution.**

It is competent to show that a bond was never completely executed, upon the ground that other persons besides those who signed it were to sign it, but did not do so.

Action in the district court for Morrison county against M. M. Williams and others to recover a balance due on a written instrument signed by defendants, by the terms of which, in consideration of the agreement of William Sauntry to build a saw mill at Little Falls and to perform certain other things, and in consideration of the mutual covenants and agreements of the signers to and with each other, the signers jointly and severally promised to pay to the order of Sauntry $15,000 on the completion of said mill before a certain day. The complaint alleged performance by Sauntry and an assignment of the obligation to plaintiff. The other facts are stated in the opinion. From an order, Baxter, J., denying a motion to set aside a verdict for $6056.11 in favor of plaintiff and for a new trial defendants appealed. Reversed.

*Taylor, Calhoun & Rhodes* and *Lindbergh, Blanchard & Lindbergh* for appellants.

*George W. Stewart,* for respondent.

BUCK, J. The order of the court below denying the defendants' motion for a new trial must be reversed, upon the ground that the verdict is contrary to the uncontradicted evidence, and because of the erroneous rulings of the trial court.

'The law is too well settled to need any extended discussion that when one or more persons sign a joint bond as guarantors or sureties, upon condition that certain other persons are to sign the same with them before the bond is delivered, and it is delivered without such condition being complied with, the bond cannot be enforced against the persons so signing as sureties, unless the obligee had no notice of the condition, or the sureties, after signing, waived the condition. Merchants' Ex. Bk. v. Luckow, 37 Minn. 542, 35 N. W. 434; Whitford v. Laidler, 94 N. Y. 145; Ware v. Allen, 128 U. S.

590, 9 Sup. Ct. 174; State v. Wallis, 57 Ark. 64, 20 S. W. 811; Cutler v. Roberts, 7 Neb. 4; People v. Bostwick, 32 N. Y. 445; Fletcher v. Austin, 11 Vt. 447; State Bank v. Evans, 15 N. J. Law, 155; State v. Pepper, 31 Ind. 76. And certainly it could not be enforced when there was no actual delivery, or where there had been an actual unlawful delivery; that is, where there had been an actual delivery without the knowledge or consent of the signers of the bond, and the obligee knew that its conditions had not been complied with before the delivery. There is no question in this case as to whether Sauntry, the obligee, or Clarke, the assignee, had notice of the conditions upon which the bond or guaranty was to be signed by all of the parties who had signed a former bond, as Clarke was the principal manager in securing the new bond sued upon, was present when it was drawn, dictated its terms, and was present when several of the sureties signed it, and they signed it upon the express condition that it was not to take effect until all those who had signed the former bond should sign the one upon which this action was brought; there being only 17 signers on the former bond, and about 27 on the latter.

The defendants requested the court to charge the jury that, in order to constitute a delivery, there must have been an intent to deliver, which request the court refused. A delivery of a bond, to be effective, must be made with the intention of passing the title to it to the obligee, such as would pass it beyond recall of the obligors, and give the obligee a right of action upon it. As the delivery was conditional upon the signing of the obligation by all who had signed the first bond, the contract was incomplete and unexecuted until this was done, and therefore the ruling of the court upon the above request was erroneous. It certainly was competent to show that the bond was never completely executed, and, as delivery was part of the execution, it was the right of the defendants to show that they never intended it to be delivered until the other sureties should sign it.

There were several other errors committed by the court in its charge to the jury and its rulings, but, as the order denying the defendants' motion for a new trial must be reversed, we will not discuss them.

Order reversed.