ANDREW BANG v. FRED N. BRETT and Others.[1]

July 5, 1895.

Nos. 9456—(211).

**Corporation—Knowledge of Officer.**

In a transaction where a corporate officer or agent is acting in his own interest, as in the sale of his land to the corporation, the corporation is not charged with his knowledge.

**Vendor's Lien—Bona Fide Purchaser—Notice.**

Land is not chargeable with a vendor's lien which has been conveyed to a subsequent purchaser for value without notice of the existence of the lien.

Action in the district court for St. Louis county against Fred N. Brett, Eugene T. Merritt and Great Western Mining Company to

[1] Reported in 63 N. W. 1007.

enforce a vendor's lien. Defendant company alone answered. The case was tried before Lewis, J., who found in favor of defendant company and ordered judgment that plaintiff take nothing by the action and that said defendant was owner in fee of the premises. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John Jenswold, Jr.*, for appellant.

*Joseph B. Cotton* and *Geo. Welwood Murray*, for respondent.

MITCHELL, J. This was an action to enforce a vendor's lien for purchase money.

The defendant company was organized as a corporation in March, 1892. Prior to that time, Eugene T. Merritt and Franklin W. Merritt and several other persons as promoters had the organization of this corporation in contemplation, and upon its organization both of the Merritts became directors, and Eugene T. Merritt secretary, and Franklin W. Merritt treasurer of the company. In February, 1892, Franklin W. Merritt negotiated a purchase of certain land from plaintiff for the agreed price of $2,500, but for convenience had the conveyance made to his clerk, one Brett. Of the purchase price $1,500 was paid in cash, and for the remaining $1,000 plaintiff took what, in legal effect, was the joint and several note of Brett and Franklin W. Merritt, payable when the patent for the land should be issued to plaintiff. This note has never been paid.

Shortly afterwards Brett conveyed the land to Eugene T. Merritt, and, after the defendant corporation was organized, Eugene T. Merritt sold and conveyed the land to it by warranty deed for $15,000, which he received from the company in cash. It does not appear who acted for the company in purchasing the land, except that it devolved upon its attorney, McNamara, to examine the title, and that he found Eugene T. Merritt's record title perfect, and that he had no knowledge of the fact that any part of the purchase money due from Brett (or Franklin W. Merritt) to plaintiff was unpaid. The method by which Eugene T. Merritt received his pay from the company was that he, as secretary, drew in his own favor an order for $15,000 on Franklin W. Merritt, as treasurer, which the latter paid.

Assuming, without deciding, that upon these facts plaintiff would have been entitled to a vendor's lien for his unpaid purchase money

while the title to the land remained in Brett or in Eugene T. Merritt as a purchaser with notice, still he has entirely failed to show any such right as against the defendant company. Plaintiff's deed to Brett contained no provision charging the land with a lien. While the right to a vendor's lien affects all purchasers having notice of its existence, yet it is equally well settled that it will not affect a purchaser for value without notice.

The plaintiff's contention is that notice to the two Merritts as promoters constituted notice to the company. There are insuperable objections to this contention. If the Merritts (assuming that they were both interested in the purchase from plaintiff) had made the purchase for the contemplated corporation, and when it came into being it had accepted and ratified the purchase as one made in its behalf, there would have been some reason for claiming that they took the bargain with its burdens as well as its benefits. But such was not the fact. While the Merritts may have bought the land with the expectation of selling it to the corporation, the bargain was in fact for their own benefit, and they resold the land to the corporation at a profit to themselves of 500 per cent. Or, if the members of the corporation consisted wholly of the Merritts and others having notice of the existence of plaintiff's lien, it might be that their notice would be notice to the corporation. But nothing of the kind appears. In fact it appears to the contrary, for the board of directors consists of 15 members (Mercantile Bank v. Parsons, 54 Minn. 56, 55 N. W. 825); and there is not a particle of evidence that any of the members of the corporation, except the two Merritts, had any notice whatever that any part of plaintiff's purchase money remained unpaid. Moreover, whatever the Merritts did with reference to the sale of this land to the corporation they did in their own interest and behalf, and in an adversary character; and nothing is better settled than that, under such circumstances, the corporation is not charged with the knowledge of the officer or agent.

In what we have said we have assumed, without deciding, that mere notice of the fact that a vendor's purchase money is unpaid will charge the land with a lien in the hands of subsequent purchasers from his vendee. The trial court found that in purchasing the land the corporation relied on the title as it appeared of record, and had no notice or knowledge that plaintiff claimed a lien upon the land un-

til the commencement of this action; and the evidence justified the finding.

Order affirmed.