FIRST NATIONAL BANK OF WILLIMANTIC *vs.* CHAUNCEY
G. BEVIN.

First Judicial District, Hartford, March Term, 1900. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

There is no presumption of law that a bank, in discounting a note, knew
that it had been obtained from its maker by fraud, merely because
its own cashier was one of the persons to whom the fraud was
imputed.

Argued March 6th—decided April 4th, 1900.

ACTION by the indorsee against the maker to recover
the amount of two promissory notes, brought to the Superior Court in Windham County and tried to the court,
*Roraback, J.;* facts found and judgment rendered for the
plaintiff, and appeal by the defendant for alleged errors in
the rulings of the court. *No error.*

This case and the preceding one arose out of the same
matter and were tried together, as in one aspect they were
but parts of the same transaction. The finding is printed at
some length in connection with the other case (ante, p. 658)
but that part of it which is specially applicable here is as
follows : —

The notes in question were transferred by one Risley to
the plaintiff bank as security for a loan. It did not appear
from the evidence by whom the notes were taken on the
part of the bank, although Risley was cashier at the time.
It did not appear that the bank had any knowledge of the
representations made by Risley in obtaining said notes from
the defendant, or of the facts relating to the issue of stock,
unless, the same can be inferred as matter of law from the
fact that Risley was its cashier; neither did the defendant
know that the notes were held by the bank, until demand
was made upon him by the receiver.

*William C. Case* and *Daniel A. Markham,* for the appellant
(defendant).

*Charles E. Perkins* and *Solomon Lucas*, for the appellee (plaintiff).

ANDREWS, C. J.   This action was brought to recover the amount of two notes given by Mr. Bevin, the defendant, to the Natchaug Silk Company, and by that company indorsed to the plaintiff.  The notes are those mentioned in the preceding case as having been given by Mr. Bevin to that corporation in part payment for certain shares of its capital stock.   The defense was that the said shares of stock were void; that the notes were for that reason without consideration; that Mr. Bevin was induced to give the notes by the fraud of Mr. Risley; that the plaintiff took the notes under such circumstances that it was chargeable with knowledge of such want of consideration and fraud, and that, therefore, it could not recover.

The fraud of Mr. Risley, if there was any, cannot be imputed to the bank from the fact that he was its cashier. *Farmers' & Citizens' Bank* v. *Payne*, 25 Conn. 444; *Butler* v. *American Toy Co.*, 46 id. 136; *Farrel Foundry* v. *Dart*, 26 id. 376, 382.   It being decided in the former case that the said shares were not void but were valid, the defense fails.   The plaintiff is entitled to recover, and there is no error.

In this opinion the other judges concurred.