SECURITY BANK OF MINNESOTA v. CHARLES J. PETRUSCHKE.[1]

July 5, 1907.

Nos. 15,247—(187).

**Discount of Note—Crediting Seller's Account.**

> A bank, by purchasing or discounting a note for a depositor and giving him credit for the proceeds, becomes a bona fide purchaser of the note for value, if the full amount of the deposit is drawn out or the deposit account is reduced by the payment of checks drawn thereon to an amount less than the proceeds of the discounted note before it acquires knowledge of infirmities in the paper.

Action in the district court for St. Louis county to recover $560.16 upon a promissory note. The case was tried before Dibell, J., who made findings and ordered judgment in favor of plaintiff for $558.10. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*A. N. McGindley,* for appellant.
*Crassweller & Crassweller,* for respondent.

ELLIOTT, J.

This was an action in which the plaintiff, the Security Bank of Minnesota, sought to recover upon a promissory note given by Charles J. Petruschke to James Thomson to pay the first premium upon a life insurance policy issued by an insurance company for which Thomson was the general agent, and by Thomson assigned, transferred, and delivered before maturity to the Security Bank.

The sole question in the case is whether the bank was a purchaser of the note in good faith, for value, without knowledge of any equities existing between the maker and the payee.

Petruschke claims that under his contract with Thomson he was to receive a policy with premiums estimated upon the assumption that he was twenty seven years old, although in fact he was twenty eight years old; that the note in question was for the amount of an annual premium required from a person of twenty seven years; that a policy was sent him which in this and some other respects did not correspond with the agree-

[1]Reported in 112 N. W. 1000.

ment; that he returned the policy to Thomson, with a demand that it be made to conform to the actual contract; that Thomson sent the policy back to Petruschke, with the statement that he would have the correction made; and that this agreement was never complied with. Notwithstanding his objections and demands, Petruschke retained possession of the policy. The insurance company accepted the note in payment of the premium (Kilborn v. Prudential Insurance Co., 99 Minn. 176, 108 N. W. 861), and the policy was therefore in force from the time of its delivery. A few days before the execution of this note the agent, Thomson, had opened an account with the Security Bank, and on January 15, 1906, he offered the note in question to the bank for discount. After investigating the financial standing of the maker, the bank accepted the note, which was then duly assigned, indorsed, and delivered to the bank, and the full face value thereof was placed to Thomson's credit. It appears that the bank purchased the note before maturity, placed the amount to Thomson's credit, and that the proceeds were checked out and thus actually received in cash by Thomson before the note was due and before the bank learned that there was any defense to the note.

The only question is whether the bank was a purchaser in good faith. The trial court found

> That said plaintiff was and is a banking corporation, having a cashier and the usual officers of a bank, and among other things discounted and purchased negotiable paper; that at the time of the purchase of said promissory note said Thomson had an account with said bank; that the amount of said note, less interest, was credited to his account; that at the time of the maturity of said note all of said account, except a few dollars, had been drawn out; that said plaintiff supposed said note was given for an insurance premium, and had often purchased such paper in the course of its business; that it made inquiry, before purchasing the same, as to the financial responsibility of said defendant; and that plaintiff purchased said note in good faith in the usual course of business, without any notice or knowledge of said defect therein or defense thereto, and gave a full and valuable consideration thereof.

There is ample evidence to sustain this finding. It is true, as appellant claims, that the mere discounting of a note by a bank for a customer and the placing of the proceeds to the customer's credit, so as to create the relation of debtor and creditor, does not make the bank a holder for value, so as to protect it against infirmities in the paper. But if the bank, before it receives notice of such infirmities, pays to the depositor, or to third parties upon his order, an amount which reduces his deposit to a sum which is less than what was placed to his credit as the proceeds of the note, it then becomes a holder for value to the same extent as' though the full amount had been paid when the note was discounted. Union National Bank of Columbus v. Winsor, supra, p. 470, (112 N. W. 999), and cases there cited. That is what was done in this case.

The evidence did not show that this note was obtained by fraud. Petruschke did not get exactly the policy which he expected, and which Thomson promised to obtain for him. It is possible that he could have had the contract reformed, or he could have rescinded the contract; but he did nothing of the kind. He retained the policy notwithstanding his negotiations with Thomson, and received insurance which presumptively constituted a full consideration for the note. The circumstances were not such as to cast the burden upon the bank which it would be required to bear if the note had had its inception in actual fraud. There is nothing even to suggest that the bank was not a good-faith purchaser. It discounted the note for a customer in the ordinary course of business, and the effect of the cashier's testimony is that it had no knowledge of any defense which Petruschke may have had against Thomson.

The order of the trial court is therefore affirmed.