# FIRST NATIONAL BANK OF WEST MINNEAPOLIS v. AUGUST H. PERSALL.[1]

March 18, 1910.

Nos. 16,343—(87).

**Purchase of Note — Knowledge of Bank's Officer.**

The president of a bank, who was also a member of its discount committee, sold to the bank defendant's promissory note, negotiable upon its face, and executed and delivered by defendant pursuant to a personal contract between defendant and the bank president that the proceeds should be used in the purchase of land upon defendant's account and subsequent profits equally divided between them. *Held,* in negotiating the note the bank president was acting for defendant and himself jointly, and the bank was not charged with knowledge of any facts known only to the president.

**Payment of Consideration.**

While a mere credit entry upon the books of a bank does not of itself amount to the payment of a valuable consideration, the withdrawal by check of a substantial part of the amount so credited is such payment.

Action in the district court for Hennepin county to recover $1,600 upon a promissory note. The defense made by the answer is stated in the opinion. The case was tried before Dickinson, J., who directed

[1]Reported in 125 N. W. 506, 675.

a verdict in favor of plaintiff in the sum demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

.*Richard & Coe,* for appellant.

*Arthur M. Higgins,* for respondent.

O'BRIEN, J.

This action is upon a promissory note executed by the defendant and payable to the order of the plaintiff. The answer alleged that the note accompanied and was given under and in accordance with a contract with one J. G. Lund, who then was the president of the bank, a member of its discount committee, and the owner of a majority of its stock. By the contract Lund was authorized to purchase for the defendant's account a designated half section of land for the sum of $4,000 on the following terms: "Notes, $1,600, due in one year; balance mortgages." Further, that Lund should have the exclusive sale of the land, and, when sold, refund to the plaintiff the purchase price and one-half of the net profits. After the signatures the following was added:

"I hereby agree to take back land at any time upon sixty days' notice, returning notes and releasing all obligations. ·

"J. G. Lund."

Shortly after the execution of the note and contract Lund forwarded the note to the bank by mail, which thereupon credited Lund's account with $1,570, and testimony was introduced to show that at least part of this amount was checked out by Lund. The defendant claimed that Lund never purchased any land as provided by the contract, nor did he ever account to the defendant for the proceeds of the note; that the defendant had demanded from him the return of the note in accordance with the contract. The answer further alleged that the note had been paid by the proceeds of collateral deposited with plaintiff by Lund. A verdict for plaintiff was directed, and defendant appeals from an order denying a new trial.

Defendant upon this appeal claims that the note was not negotiable, and that as Lund, the president of the bank, had full knowledge of the contract, his knowledge was notice to the plaintiff; that the note was entirely without consideration, and was diverted from the use

for which it was intended; further, that the evidence fails to show that the amount credited to Lund's account when the note was discounted has ever been drawn, and the bank, therefore, is not a bona fide holder·of the note in controversy. We do not understand, from the assignments of error or the brief of counsel, that anything is now claimed with reference to the deposit of any collateral, as alleged in the answer.

1. The only reasonable deduction to be drawn from the evidence is that the defendant executed the note in question, making it payable to the plaintiff bank, and delivered it to Lund for the purpose of enabling him to discount it with the plaintiff and use the proceeds in making the cash payment on the land specified in the contract. The defendant and Lund were engaged in a joint enterprise; the defendant agreeing to furnish the necessary cash by giving his obligation to the bank. The money so obtained was to be used in the purchase of a certain tract of land, which was to be again sold through the efforts of Lund, and the profits derived from the transaction to be shared equally. To this contract was added the agreement by Lund to the effect that he would at any time upon sixty days' notice take over the transaction and release the defendant from any obligation connected with it. In the absence of any showing that the bank had any special interest in the transaction, it is clear that in the discounting of the note Lund was acting upon behalf of himself and the defendant, notwithstanding he was a member of the discount committee and president of the bank; and his knowledge of anything in the transaction which would invalidate or destroy the negotiability of the note would not be imputed to the plaintiff. Dorr v. Life Ins. Clearing Co., 71 Minn. 38, 73 N. W. 635, 70 Am. St. 309; Bang v. Brett, 62 Minn. 4, 63 N. W. 1067.

2. The evidence shows the plaintiff gave a valuable consideration for the note and accepted it in good faith. The cashier of the bank stated he made some inquiries as.to defendant's financial responsibility, and that the amount for which the note was discounted was placed to Lund's credit, and that checks were drawn against it. "It might have been less, or it might have been more. He drew the greater amount." This case is not like those cited, wherein it was held that

a mere credit entry, without a payment of the amount, did not constitute payment of a valuable consideration. Joyce, Defenses to Commercial Paper, § 243; Citizens v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. 765.

The defendant saw fit to intrust Lund with his note, regular and negotiable upon its face, for the evident purpose of discounting it with the plaintiff. The plaintiff was not required to take any step to insure the proper application by Lund of the proceeds. The plaintiff under the evidence is the bona fide holder of the note, a negotiable instrument purchased by it for a valuable consideration in the regular course of business, and the verdict was properly directed in its favor. Tourtelot v. Reed, 62 Minn. 384, 64 N. W. 928.

Order affirmed.

On April 8, 1910, the following opinion was filed:

PER CURIAM.

Upon the petition for a reargument it is strenuously claimed that, in order to constitute the bank a bona fide holder of the note executed by Persall, it was necessary to show that the full amount of the purchase price credited to Lund by the bank had been actually paid over to Lund. Some of the authorities cited would appear to bear out this contention, but that is not the rule in this state. Union Nat. Bank of Columbus v. Winsor, 101 Minn. 470, 112 N. W. 999, 118 Am. St. 641; Security Bank of Minnesota v. Petruschke, 101 Minn. 478, 112 N. W. 1000, 118 Am. St. 644. Under those decisions the payment by the bank of any substantial portion of the purchase price would be sufficient to place it in the position of a bona fide holder of the note, and, as stated in the opinion, we think the evidence must be taken as showing that at least a portion of the proceeds of the note was checked out by Lund.

It is further claimed that, conceding this to be true, the bank was entitled to recover no more than the amount so paid out before it received notice of dishonor. This suggestion is made for the first time upon the petition for a reargument, the question was not raised

or litigated in the court below, and it is not before us for consideration.

. The other questions raised upon this petition were fully considered upon the original submission of the case.

The application for reargument is denied.