# FIRST NATIONAL BANK OF GILBERT v. C. E. BAILEY.[1]

November 13, 1914.

Nos. 18,758—(63).

**Notice to corporation — officer acting for third person.**
    The general rule that knowledge possessed by an officer of a corporation is by implication of law imputed to the corporation, has no application where it appears that in a particular transaction the officer acted in an adversary capacity, as the agent of a third person, and did not represent or speak for the corporation, of which agency the other officers of the corporation had full knowledge and information.

Action in the district court for St. Louis county to recover $1,900 upon two promissory notes. The case was tried before Ensign, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*W. G. Bonham,* for appellant.
*Oliver S. Andresen,* for respondent.

BROWN, C. J.

For some time prior to the year 1911, defendant was a resident of this state with property interests in the village of Gilbert, in St. Louis county. One Thompson, from some time in the fall of 1908, was defendant's agent and as such had the control and management of his affairs at Gilbert. Defendant then resided at Eveleth, a short distance from Gilbert. Defendant moved to California in the fall of 1910, and thereafter Thompson had the exclusive management of his Gilbert business interests, and all matters pertaining thereto were committed to his care. Defendant carried an account in plaintiff bank which was in charge of Thompson after defendant moved to

[1] Reported in 149 N. W. 469.

---

Note.—As to imputing to principal notice to agent while acting in other capacity, see note in 3 L.R.A.(N.S.) 444.

California. During the year 1911, Thompson collected rent due to defendant from tenants, depositing the same in defendant's account at the bank; Thompson paid claims arising against defendant, and was authorized to draw upon defendant's bank account for the neces-- sary funds; he was authorized to and did sign defendant's name to many checks on the bank; Thompson was also authorized to borrow money for defendant whenever necessary, and when defendant left for California he delivered to Thompson certain blank promissory notes, signed by defendant, which Thompson was authorized to fill out and negotiate. He sent to Thompson from California two or more blank signed promissory notes with directions to fill them and negotiate them at plaintiff's bank, if necessary to avoid an overdraft of his account, and to deposit the same to his credit. Two of these blank notes were by Thompson filled out and delivered to the bank, one for $1,200, and one for $1,000. He wrongfully converted the proceeds of the $1,200 note to his own use. He had in his posses- sion for collection a promissory note belonging to defendant against one Le Duc which, subsequent to the execution of those two notes, he sold to the bank, crediting defendant's account at the bank with $500, and applying the balance, some $336, upon the above mentioned $1,- 200 note. Thompson then took up that note and filled out one of the blank signed notes defendant had sent him from California for the balance due thereon, namely, $900, which the other officers of the plaintiff accepted in renewal of the former note. Neither this note nor the one for $1,000 has ever been paid and this action was brought to recover thereon. Defendant admitted the genuineness and validity of the $1,000 note, but denied that he ever signed or delivered the note for $900, or ever authorized any other person to do so. Defend- ant also interposed certain counterclaims which do not require special mention. They all depend upon the question whether defendant is liable upon the note referred to, and, as our conclusion is against him on that question, it is unnecessary to make further reference to the counterclaims. It further appears, and there is no controversy about any of the facts in the case, that during all the times stated Thompson was an officer of plaintiff, namely, its president, and with the vice-president and cashier, had charge of its banking affairs. The

trial below was without a jury and the court found that both notes were the valid obligations of defendant, that they were made and delivered to the bank by Thompson under authority from defendant, and judgment was ordered for plaintiff for the amount claimed. Judgment was entered accordingly, and defendant appealed.

The evidence makes it clear that the note for $1,200 heretofore referred to and in renewal of which in part the $900 note in suit was given, was made by Thompson upon a blank furnished him by defendant, but for his own use and purpose and not in the interests or in the transaction of any business for defendant. In short it was a violation of the duties of Thompson as the agent of defendant, and no benefit accrued therefrom to defendant. It is the contention of defendant that since Thompson was at the time an officer of plaintiff, namely, its president, plaintiff is charged with notice of the fraud of Thompson and should not recover. In other words, defendant invokes the general rule, broadly stated in the books, that a corporation is chargeable with notice of facts known to its managing officers. Conceding the rule, as we must, and without stopping to discuss its scope or limitations, it seems clear that it can have no application to the facts here presented. By all well considered authority the rule is now applied only to cases where the officer, whose knowledge is sought to be imputed to the corporation, acts for the corporation in the particular transaction; in other words, where the officer of the corporation conducts both sides of the particular transaction. Morris v. Georgia Loan Co. 109 Ga. 12, 34 S. E. 378, 46 L.R.A. 506; Farrell Foundry v. Dart, 26 Conn. 366; National Security Bank v. Cushman, 121 Mass. 490; First Nat. Bank of Highstone v. Christopher, 40 N. J. Law, 435, 29 Am. Rep. 262. The rule does not apply where the officer does not act for the corporation, and is connected with the transaction only in an adversary capacity, or as the agent for the party dealing with the corporation. Bang v. Brett, 62 Minn. 4, 63 N. W. 1067; E. D. Woodworth & Co. v. Carroll, 104 Minn. 65, 112 N. W. 1054, 115 N. W. 946; First Nat. Bank of West Minneapolis v. Persall, 110 Minn. 333, 125 N. W. 506, 675, 136 Am. St. 479; Tate v. Security Trust Co. 63 N. J. Eq. 559, 52 Atl. 513; National Bank v. Feeney, 9 S. D. 550, 70 N. W. 874, 46

L.R.A. 732; First Nat. Bank of Willimantic v. Bevin, 72 Conn. 666, 45 Atl. 954; Brookhouse v. Union Pub. Co. 73 N. H. 368, 62 Atl. 219, 2 L.R.A.(N.S.) 993, 111 Am. St. 623, 6 Ann. Cas. 679. The evidence in the case at bar clearly shows that Thompson, though president of the bank, did not act for the bank in this transaction, but submitted the matter of accepting the fraudulent note to the other officers of the bank, and they acted upon their own judgment. It also appears that the other officers knew of the fact that Thompson was the agent of defendant; that he had authority to transact all defendant's business at Gilbert, with the right to draw upon defendant's bank account and to fill out and negotiate defendant's blank signed promissory notes. They acted on this information in accepting the note in question, and there is no showing that they were in any way informed that Thompson was defrauding defendant. Clearly these facts, about which there is no controversy, render inapplicable the general rule invoked by defendant.

This disposes of the case. There were no errors in the rulings of the court upon the admission or exclusion of evidence.

Judgment affirmed.