## FARMERS STATE BANK OF COLOGNE v.
## JAMES E. McGRATH.[1]

December 27, 1918.

No. 20,979.

**Promissory note subject to all defenses — evidence.**

1. The trial court was justified by the evidence in finding that plaintiff was not a bona fide holder of the promissory note in suit, and that its title was subject to all equities and defenses which might have been interposed against the payee.

**Same — admissible evidence.**

2. Any competent evidence which would establish the defense of payment as against the payee is admissible against the holder with notice.

**Same — findings in prior action admissible.**

3. The findings and decision of the court in an action between the maker and payee, by which the payment of the note as between those parties was conclusively established as against the payee, *held* admissible against plaintiff.

**No error.**

4. The record presents no reversible error.

Action in the district court for Washington county to recover $1,500 upon a promissory note. The case was tried before Nethaway, J., who made findings and ordered judgment in favor of defendant. From an order by Searles, J., his successor in office, denying its motion for amended findings or for a new trial, plaintiff appealed. Affirmed.

*Charles F. Kelly* and *L. O. Rue,* for appellant.
*H. H. Gillen* and *T. R. Kane,* for respondent.

BROWN, C. J.

This action was brought to recover upon a promissory note executed by defendant to the Suter-Anderson Lumber Company of which plaintiff claims to be a bona fide holder for value. Defendant interposed the defense of payment, and put in issue the alleged bona fides of plaintiff's

[1]Reported in 170 N. W. 209.

title. The action was tried by the court below without a jury, and upon findings in favor of the defense judgment was ordered for defendant, and plaintiff appealed from an order denying its motion for amended findings or a new trial.

The principal question on the appeal, aside from the assignments challenging certain of the rulings of the trial court, is whether the findings of the court to the effect that plaintiff is not a bona fide holder of the note are sustained by the evidence.

1. The facts briefly stated are as follows: Defendant for a number of years was engaged in manufacturing lumber at a point in the northern part of the state. The Suter-Anderson Lumber Company, payee of the note, is a corporation with business headquarters in St. Paul. From 1912 to 1915, as we understand the record, that company acted as the agent of defendant in the sale and distribution of his manufactured material, and also to a certain extent as his financial support. The company made certain advances of money from time to time for which defendant gave his promissory notes, the note here in suit being one of them. The relations between the parties were created by a written contract under which defendant shipped his lumber products to that company for sale and distribution to the trade. The company undertook and agreed to act as sales agent, and to sell the lumber shipped to it, collecting the proceeds and applying them upon any indebtedness due from defendant on notes theretofore given for advances, paying the balance over to defendant. It was the contention of defendant that the note in suit was thus paid. The court found this claim to be true, and in our view of the evidence the finding is fully sustained. So that if plaintiff, through those representing it in the transaction by which it became the holder of the note, was chargeable with notice of the payment at the time of or before the transfer, plaintiff is not a bona fide holder and cannot recover.

The note was first transferred by the Suter-Anderson Company, payee, to the Mortgage Security Company, a corporation, and by that company later transferred to plaintiff. It appears that one Roy Quimby was president of the Suter-Anderson Company, also president of the Security Company, as well as president of plaintiff bank. The trial court found that Quimby acted as the agent of plaintiff in effecting the transfer of

the note to the bank, and that he then had notice and knowledge of the facts showing that it had previously been paid. The court further found that plaintiff paid no consideration for the transfer and was not a bona fide holder.

We have examined the record with care, and find therein ample evidence to support both these findings. Quimby was the president of the several corporations referred to, and acted for them in their financial affairs, and they were bound by whatever knowledge he possessed in respect to the claim of payment. The record as a whole leaves little doubt of the active participation of Quimby in the affairs of the Security Company, and also of plaintiff, and that he knew all about the note in suit and of defendant's defense thereto. The suggestion of counsel that Quimby in negotiating a transfer of the note was as to plaintiff acting in an adversary capacity is negatived by the findings, and the rule sought to be invoked, namely, that in that situation notice to him was not notice to the bank, does not apply. First Nat. Bank of Gilbert v. Bailey, 127 Minn. 296, 149 N. W. 469. In First Nat. Bank of West Minneapolis v. Persall, 110 Minn. 333, 125 N. W. 506, 675, 136 Am. St. 499, the evidence disclosed an adversary relation on the part of the president of the bank, in the particular transaction, and that was the basis of the decision therein. The case is not therefore in point.

The fact that the note was paid before the maturity thereof is unimportant. Plaintiff received the note charged with notice that it had been paid and the date of such payment in no way affects its rights. The case of Blumenthal v. Jassoy, 29 Minn. 177, 12 N. W. 517, and other like cases holding that the payment of a negotiable note to the payee before maturity is no defense as against a bona fide holder are not in point. The rule there applied is based on the fact that the note subsequent to the payment came into the hands of a bona fide holder. Plaintiff in this case is not such a holder.

2. Some time prior to the trial of the action defendant brought a suit in equity against the Suter-Anderson Company, for an accounting under the contract heretofore referred to and out of which the note in suit arose. Defendant recovered a judgment therein to the effect, among other things, that the note or the indebtedness thereby represented had been fully paid. The findings of fact and conclusion of law therein were

offered in evidence in this case and received over plaintiff's objection that they were incompetent and immaterial. The ruling is assigned as error, and it is contended that it was prejudicial, for which a new trial should be granted. In this we do not concur. While it is true that the evidence was offered in part at least for the purpose of showing payment of the note, there was other evidence of the payment, or of facts showing payment, independent of the decision there rendered upon which findings of the court could stand. But even so, we think there was no error in admitting the evidence. The contract between defendant and the payee of the note under which the payment in the manner stated was made was valid, and the performance thereof by defendant fully paid and discharged the debt. The payment so made was binding upon plaintiff. Hill v. Huntress, 43 N. H. 480; Patrick v. Petty, 83 Ala. 420, 3 South. 779; Bradley v. Marshall, 54 Ill. 173. The result in the action referred to was but evidence of the performance of the contract by defendant. It was conclusive as to the payee of the note. This plaintiff concedes. Plaintiff took the note subject to any defense which was available to defendant against the payee, and it would seem that evidence that would conclusively establish the same as against the payee would at least be admissible against plaintiff; not perhaps as conclusive proof of the fact, for as to strangers to the record such judgments are open to attack on the ground of fraud and collusion. But in the absence of any such showing the evidence is competent and admissible against them. Pabst Brewing Co. v. Jensen, 68 Minn. 293, 71 N. W. 384. The fact that plaintiff was not a party to that action is not controlling. The rule does not limit the equities and defenses in such cases to those of which the indorsee has actual notice, nor require that he be connected with the transaction out of which they arose. Not being a bona fide holder an indorsee is charged with notice of the facts constituting the defense, and can claim no greater rights than the payee. Tuttle v. Wilson, 33 Minn. 422, 23 N. W. 864; Way v. Colyer, 54 Minn. 14, 55 N. W. 744.

3. We have considered fully all assignments of error not included in what has been said and find no reason for granting a new trial; there were no reversible errors.

Order affirmed.