GEORGE W. STUCK *v.* WILLIAM J. DUTTON and FRANK C. BOUGHMAN.

(*December* 27, 1928.)

RICE and RODNEY, J. J., sitting.

*Howard J. Cooke* for petitioner.

*Andrew J. Lynch* for respondents in the rule.

Superior Court for Sussex County, April Term, 1928.

RICE, J., delivering the opinion of the court:

Judgment was entered by the Managers of Gravelly Branch Ditch against Tracy A. Nutter upon his bond as treasurer of that company for the year 1926 and against George W. Stuck his surety on the bond; said judgment being No. 4 to the April Term, 1927.

The condition of the treasurer's bond was "that if the above bounden, Tracy A. Nutter, who is Treasurer of said Ditch, shall faithfully perform his duty as such Treasurer and shall pay to his successor in office any money due from him without fraud or further delay, then this obligation to be void or else to be and remain in full force and virtue."

The bond contained a warrant or power of attorney for the confession of judgment and this judgment in question was entered thereon.

Nutter, the principal in the bond, was elected Treasurer of Gravelly Branch Ditch in March, 1925, and was re-elected to succeed himself in March, 1926. The surety on his bond for 1925 was not the same surety as on his bond for 1926. At the end of the first year when Nutter settled up with the Managers, there appeared upon the books a balance due from him in the sum of $564.32. At the end of the second year, in March of 1927, according to the books there was a balance due from him of $493.63 or $70.69 less than the amount shown to be due by the books at the end of the first year.

It is claimed by the petitioner that he has shown by evidence that any shortage on the part of Nutter as Treasurer was due to defalcations which occurred during his first term of office and therefore he, the petitioner, as surety on the second bond is not liable for such defalcations.

The Managers of the Ditch contend that on the books of the Treasurer at the end of his first term on March 6, 1926, there ap-

peared a balance of $564.32 as the amount due from him as Treasurer to the Managers of the Ditch; that this amount was charged against him on the books when he entered upon his second term of office and as it was his duty to pay the amount of this balance as retiring Treasurer to himself as his successor, it will be presumed that the Treasurer performed his duty in this respect, and, therefore, the surety on the second bond· was liable for any amount shown as a balance to be due from the Treasurer at the end of the second term and which he failed to pay to his successor in office.

There can be no question that, under the terms of the bond, Nutter as Treasurer was obligated to pay to his successor in office any amount due from him as Treasurer at the end of his term without fraud or delay and that Stuck, the surety on the bond, was liable for any failure on the part of the Treasurer to do so. There would be a presumption that Nutter as Treasurer had performed his duty by paying at the end of his first term as Treasurer any money due from him as such to himself as succeeding Treasurer. However, we believe this would be a rebuttable presumption as it would be unjust and unfair to impose such liability on the surety of the second bond if he should satisfactorily prove that defalcations causing any deficit had all occurred during the Treasurer's first term of office.

The law upon this question seems to be clearly stated in the case of *Board of Education v. Robinson, et al.*, 81 *Minn*. 305, 84 *N. W*. 105, 83 *Am. St. Rep*. 374, wherein the court said:

"It may be stated, as a general rule or principle of law, that where a person holds a public office for two or more successive terms, and executes a new bond with new sureties for each term, and a defalcation occurs on the part of the officer, the sureties on the bond given for the term during which the defalcation occurred are alone liable. *Throop, Pub. Off*. 205 *et seq.; 2 Brandt, Sur*., § 543. But where the officer fails to account for and pay over to his successor the funds chargeable to him as shown by his books and final account, the sureties on the last bond are *prima facie* liable therefor, and, to relieve themselves, must show that the defalcation in fact occurred during a prior term. *Pine Co. [County] v. Willard*, 39 *Minn*. 125, 39 *N. W*. 71 [1 *L. R. A*. 118, 12 *Am. St. Rep*. 622]; *City of Hartford v. Franey*, 47 *Conn*. 76; *Brandt, Sur*., § 522. In such case the sureties are *prima facie* liable, and the burden is upon them to show when the defalcation in fact occurred."

We are of the opinion that it appears from the evidence introduced on behalf of the petitioner, George W. Stuck, that the

amount of money shown on the books of the Treasurer as a balance due from him at the end of his first term was not paid to himself as succeeding Treasurer due to defalcations during his first term of office, and that any balance due from him at the end of his second term as shown by the books was the result of the debit balance at the end of his first term being carried over into his second term.

For the reasons stated, we find that there is nothing due on the said Judgment, No. 4 to the April Term, 1927, from George W. Stuck, one of the defendants therein named.