FRANK NOVAK *et al*, Appellees, v. JOSEPH PITLICK, Appellant.

Defective Bond: LIABILITY OF SURETY: An incomplete bond, unsigned by the principal, cannot be enforced against a surety in the absence of proof that the surety consented to its delivery in its incomplete condition.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

TUESDAY, MAY 12, 1903.

THE opinion states the case.  Judgment *reversed.*

*Ranck & Bradley* and *Ralph Otto* for appellant.

*Bailey & Murphy* for appellees.

WEAVER, J.—The plaintiffs allege that they are associated as an unincorporated body or company, known as the Alert Hose Company, at Iowa City, Iowa; that one J. J.

Fryauf was by said company appointed to act as its treasurer for a term of one year from May 1, 1899; that, to secure the faithful performance of said trust, Fryauf executed and delivered to the company a bond in the penal sum of $200, with the defendant as his surety; that said treasurer has failed and refused to account for and pay over the moneys received by him in said office, to the amount of more than $200, and recovery is asked in that sum upon said bond. The bond sued upon is in the following form:

"Know all men by these presents that we: J. J. Fryauf as principal and ———— as sureties, all of Johnson County, State of Iowa, are held and firmly bound unto the Alert Hose Company of Iowa City, Iowa, in the sum of Two Hundred Dollars, well and truly to be paid to said Alert Hose Company. The condition of this obligation being that whereas, said J. J. Fryauf was on the second day of May, 1899, duly elected to the office of treasurer of said Alert Hose Company, said term beginning the first Tuesday in May, 1899, and expiring the first Tuesday in May, 1900.

"Now, if the said J. J. Fryauf shall pay over or cause to be paid over and returned to the said Alert Hose Company or its authorized officers, all money and property coming into his hands as such treasurer at the end of his term of office, then this obligation be null and void, otherwise to remain in full force and virtue.

"Witness our hands this ———— day of February, 1900.
"[Signed]                              Joseph Pitlick.
"[Stamp.]"

The defendant, by answer, denied the claim of plaintiffs generally, and further alleged that he signed the bond upon condition that it should not be delivered until it was signed by the principal, Fryauf, and another surety, but, in violation of said conditions, it was given to the plaintiffs without such signatures, and showing upon its

face that it was incomplete, imperfect, and prematurely delivered. On motion of the plaintiffs, more or less of the affirmative allegations of the answer were stricken out. Owing to obscurity of statement in the motion, the precise extent and scope of this order is not clear; but this is not very material, as we think the principal point made by the appellant is available under his denials.

I. The plea based upon the alleged condition that the signature of another surety should be obtained before delivering the bond undoubtedy presents a good defense, if it be shown that the obligee received the instrument under such circumstances as to be chargeable with notice of the condition. *Bank v. Boddicker*, 117 Iowa, 407. It is claimed by appellees that no evidence was produced in support of this defense, and there was therefore no error in failing to submit the same to the jury. As the conclusion announced in the following paragraph is decisive of the appeal, we think it unnecessary to enter upon any discussion of this phase of the record.

II. We proceed, then, to consider the effect of the conceded fact that the bond, though purporting to be the bond of Fryauf, as the principal obligor, and though declared upon by plaintiffs in their petition as. having been executed by him, was never in fact so executed. The body of the instrument recites the undertaking of J. J. Fryauf as principal and ———— as sureties, and is signed by Joseph Pitlick alone; and we have first to inquire whether such obligation is enforceable against the surety in the absence of an affirmative showing of a consent on his part to its delivery in that condition. While some variance may be found in the adjudicated cases upon this question, the great weight of the authorities is adverse to the position of the appellees. It is undoubtedly true that one may bind himself for the debt or default of another without joining with him in the same instrument the person for whom he becomes surety or guarantor; but where

an instrument is drawn by which one person is to be bound as the principal obligor, and another is bound as surety, and undertakes that his principal shall faithfully discharge the terms of the obligation therein assumed by him, it is almost universally held that the surety cannot be held liable upon such contract if it be not signed by the principal. By many authorities such bond is held to be entirely void, while others hold that the obligee may enforce it by affirmatively showing that the surety consented to its delivery without the signature of his principal. Such an instrument shows its incompleteness upon its face: The first glance at it reveals the absence of the principal party to the obligation, and puts the obligee upon inquiry as to the reason for its delivery in that defective condition. It avails nothing to say that the principal is bound to account for the funds in any event, for, whatever his implied liability by virtue of his fiduciary relation to the obligee, he is not bound by the bond which he has never signed, and no recovery can be had against him thereon. By the express wording of the contract, the bond was to be the bond of Fryauf, and it was for Fryauf's performance of the bond which defendant undertook to stand as surety. The obligation of a surety is not to be extended by implication. He is entitled to stand upon the strict terms of his agreement. *Walsh v. Bailie*, 10 Johns. 180; *Gahn v. Niemcewicz's Ex'rs*, 11 Wend. 312; *U. S. v. Boyd*, 15 Pet. 187 (10 L. Ed. 706); *Mid. Nat. Bank v. Richards*, 55 Neb. 682 (76 N. W. Rep. 530). In *Bean v. Parker*, 17 Mass. 594, a bail bond was given for the release of a debtor under civil arrest, but the instrument was not signed by the principal. Upon action brought against the surety, it was held that no recovery could be had. It is there said: "It is essential to a bail bond that the party arrested should be principal. It is recited that he is, and the instrument is incomplete and void without his signa-

ture. The remedy of the sureties against the principal would wholly fail or be much embarrassed if such an instrument should be held binding." In *Wood v. Sampson,* 2 Pick. 24, suit was brought upon an administrator's bond, signed by the surety only, and it was held the action could not be maintained.

The same principle is announced by the Minnesota court in reference to a notary's official bond. *Martin v. Hornsby,* 55 Minn. 187 (56 N. W. Rep. 751, 43 Am. St. Rep. 487). Also to an appeal bond. *State v. Haarle,* 26 N. W. Rep. 906. The defects in these bonds were practically identical with the one now under consideration. In the last-cited case it is said: "It was not the obligation of the principal, for he did not sign it. It did not, so far as appears, bind the sureties, because, from the terms of the instrument, the obligation which they assumed was that of sureties for another, who was principal obligor. It was not, therefore, of effect as a bond of even those who executed it." In Michigan a like rule is observed. *Hall v. Parker,* 37 Mich. 590 (26 Am. Rep. 540); *Johnston v. Kimball,* 39 Mich. 187 (33 Am. Rep. 372). In the latter case Campbell, J., says: "The obligation of a surety cannot fairly be extended beyond the scope of his written contract, inasmuch as, under our statute of frauds, his agreement must be in writing; and we think that, presumptively, at least, where the contract calls for the signature of other parties, the instrument is to be deemed inchoate and imperfect until they also sign it. * * * Where several names are written as obligors, and one of them is called upon to sign it, he does so upon an implied understanding that he can, in case of being held responsible, not only have his right of contribution, but a further right to have it capable of proof and enforcement according to the terms of the contract, as it purports to be drawn up. * * * And if it is claimed that he has waived them or become estopped from relying on them, the

burden of proof ought not to be laid upon him to show that there has been no variation, but upon the plaintiff to show what is substantially a-new contract."

In a late decision the Supreme Court of Massachusetts reaffirms the case of *Bean v. Parker*, already cited, saying: "An instrument like that in suit ordinarily is and should be executed by all the intended parties. It was for plaintiffs to show that, although not thus executed, the defendant had consented to its delivery under such circumstances that it would bind him, even if it were inoperative and invalid as against the principal." *Goodyear Co. v. Bacon*, 151 Mass. 460 (24 N. E. Rep. 404, 8 L. R. A. 486). Many other courts have acknowledged the correctness of this principle. "If the bond contains the names of other obligors, and is delivered without the signature of all, the obligee must inquire whether those who have signed consent to its being delivered without the signature of the others." *Fletcher v. Austin*, 11 Vt. 447 (34 Am. Dec. 698). See, also, *Hall v. Smith*, 14 Bush, 604; *Board v. Sweeney*, 1 S. D. 642 (48 N. W. Rep. 302, 36 Am. St. Rep. 767); *Sacramento v. Dunlap*, 14 Cal. 421; *People v. Hartley*, 21 Cal. 585 (82 Am. Dec. 578); *Nash v. Fugate*, 24 Grat. 213 (18 Am. Rep. 640); *Markland v. Kimmel*, 87 Ind. 572; *Sharp v. U. S.*, 4 Watts, 21 (28 Am. Dec. 676); *Duncan v. U. S.*, 7 Pet. 435 (8 L. Ed. 739); *Pawling v. U. S.*, 4 Cranch 219 (2 L. Ed. 601); *Clements v. Cassilly*, 4 La. Ann. 380.

Other cases, while denying that a bond which has been delivered without being executed by all the parties named in the body of the instrument is presumtively void, adhere to the rule that its incomplete appearance has the effect to cast upon the obligee the burden of showing that the delivery was made by the consent of the party signing it, or under circumstances estopping him to deny such consent. *Mullen v. Morris*, 43 Neb. 591 (62 N. W. Rep. 74); *Midland Nat. Bank v. Richards*, 55 Neb. 682 (67 N. W. Rep. 528; *Bank v. Evans*, 15 N. J. Law, 155 (28 Am.

Dec. 400). These holdings are in no manner inconsistent with the rule announced by us in *Benton County Bank v. Boddicker*, 105 Iowa, 548, and sustained by many eminent authorities, that where the bond is perfect on its face, and the obligee receives it without notice of any condition attached to its execution by a surety, it is binding upon the latter, notwithstanding his signature was obtained upon the assurance that others were also to join in the obligation. *Carter v. Moulton*, 51 Kan. 9 (32 Pac. Rep. 633, 20 L. R. A. 309, 37 Am. St. Rep. 259); *State v. Allen*, 69 Miss. 508 (10 South. Rep. 437, 30 Am. St. Rep. 563); *Dair v. U. S.*, 16 Wall 1 (21 L. Ed. 491); *McCormick v. Bay City*, 23 Mich. 457.

Under the law as indicated by the authorities we have cited, we think there can be no recovery upon the bond in suit in the absence of an affirmative showing by plaintiffs that the surety consented to its delivery in its incomplete and defective condition. From this conclusion it follows that the trial court erred in charging the jury, as a matter of law, that the bond was binding upon the appellant, rendering him liable to the amount of the penalty therein named for any default of Fryauf as treasurer. Most of the errors assigned upon the introduction of testimony are governed by this conclusion, and need not be separately considered. Other assignments pertain to questions not likely to arise upon a retrial.

The judgment of the district court is REVERSED.