(124 So. 86)

**J. R. WATKINS CO. v. STEWART et al.**
**(7 Div. 869.)**

Supreme Court of Alabama. Oct. 10, 1929.

Pruet & Glass, of Ashland, for appellant.

A. L. Crumpton, of Ashland, for appellees.

ANDERSON, C. J. ▆ It is the well-settled law of contracts that, if an offer is rejected either by an absolute refusal or by an acceptance conditionally or not identical with the terms of the offer, or by a counter proposal, the party making the original offer is relieved from liability on that offer, and the party who has rejected the offer cannot afterward, at his own option, convert the same into an agreement by a subsequent acceptance. For that purpose he must have the renewed consent of the person who made the offer. 13 C. J. p. 296. The plaintiff did reject the contract, but subsequently accepted the same, and so notified Holmes, the principal, and the sureties' or guarantors, and, if they consented thereto, express or impliedly, they would be bound thereby to the same extent as if it had been originally accepted. Just whether or not the consent of Holmes, the principal, would be binding on the sureties who had not consented, we need not determine, for the evidence shows that they were notified of the acceptance, and made no effort to repudiate their liability, and a consent could well be inferred by their silence in the matter. Holmes wrote plaintiff a letter in effect reoffering the contract, and he and each of the sureties received a registered letter notifying them of the acceptance subsequent to the previous rejection and no objection was advanced to their liability. Nor was any point made as against a former rejection. Neither of the appellees denies getting the registered notice, though one claimed to have not read the same, while the other said his little girl read it. At any rate, the notice of acceptance was sent, and their subsequent conduct was sufficient to go to the jury as to an implied consent or ratification of the acceptance. The trial court erred in giving charge 4 at the request of the defendants. It, in effect, required the making of a new offer after the rejection, and pretermits a consent to the acceptance.

Defendants' charge 5 should have been refused. It pretermits an acceptance of the contract after rejection with the implied consent of the defendants.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN and FOSTER, JJ., concur.