153 So. 771

### J. R. WATKINS CO. v. DANIEL et al.

### 7 Div. 240.

Supreme Court of Alabama.
March 29, 1934.

400

Goodhue & Lusk, of Gadsden, for appellant.

Hugh Reed, of Center, for appellees.

Brief did not reach the Reporter.

BOULDIN, Justice.

J. R. Watkins Company sued Leonard A. Daniel and others as guarantors for their principal, Louis N. Rose.

Rose entered into a contract in writing with plaintiff for the purchase of merchandise on terms of credit, and for the payment of an agreed past due indebtedness, time of payment being extended.

The written guaranty signed by defendants assented to and incorporated the obligations of such contract.

Defendant Daniel interposed pleas 6 and 7 setting up a conditional delivery of the instrument to their principal, an agreement between guarantor and principal that the latter would not deliver the instrument until he had procured the signatures of certain named third persons thereto, and delivery was made without such signatures.

Replication No. 5 alleges "that the contract or bond sued upon was transmitted by United States Mail by the said Louis N. Rose to the plaintiff's principal office at Winona, Minnesota, and after investigation made by the plaintiff from its said principal office was accepted and acted upon as a binding contract by the plaintiff at the principal office of the plaintiff at Winona, Minnesota, and is a contract governed by the laws of the State of Minnesota, and the laws of the State of Minnesota provide," and then sets out provisions of the laws of Minnesota to the effect that upon conditional delivery such as set up in the pleas, the contract shall become valid and binding if the obligee have no knowledge of the condition.

The contract embodied in the guaranty agreement recites, "Made at Winona, Minnesota," and calls for delivery of merchandise f. o. b. cars at that point.

Under the allegations of replication No. 5, construed in connection with other pleadings, this was a Minnesota contract, governed by the laws of Minnesota, and being valid where made, will be enforced in Alabama.

This has been clearly settled in our former decisions. Without repetition of the principles involved, it is sufficient to cite the cases. J. R. Watkins Co. v. Hill, 214 Ala. 507, 108 So. 244; Furst & Thomas v. Sandlin, 208 Ala. 490, 94 So. 740; New York Life Ins. Co. v. Scheuer, 198 Ala. 47, 73 So. 409; W. T. Rawleigh Co. v. Deavours, 209 Ala. 127, 95 So. 459; Anderson v. Blair, 202 Ala. 209, 80 So. 31; Haase v. First Nat. Bank of Anniston, 203 Ala. 624, 84 So. 761.

Plea 5 sets up an agreement of the principal, Rose, not to deliver the contract until he had also signed the guaranty agreement. Replication No. 5 is also good as to this plea.

We treat it separately, however, for the guidance of the court on another trial.

Demurrers to plea 5 should have been sustained. The guaranty, by its terms, calls for the signatures of guarantors only. The primary obligation of Rose was fixed by the principal contract signed by him. His signature to the guaranty agreement would have been pure surplusage, and added nothing to his obligation to the plaintiff nor his guarantors.

Replication No. 6 to pleas 6 and 7, sets up an estoppel.

■ If, after signing the document, complete and binding on its face, the defendant was notified of the acceptance of the guaranty, giving the names of the guarantors, bringing home to defendant notice that such third persons had not signed, the law required him to speak, and, if he kept silent, and plaintiff thereafter extended credit on the faith of such guaranty, defendant is bound. All this sufficiently appears in replication No. 6. In sustaining demurrer thereto, the court erred. Gable v. Kinney, 219 Ala. 150, 121 So. 511; Strauss Bros. v. Denton, 140 Miss. 745, 106 So. 257, 45 A. L. R. 341; J. R. Watkins Co. v. Stewart, 220 Ala. 43, 124 So. 86.

In the last-cited case the proposed contract had been rejected, and guarantors were notified some time thereafter that the plaintiff had reconsidered and accepted same. The opinion treats the question of implied consent on the part of guarantors as a matter of inference for the jury. The present case is stronger for plaintiff. There had been no rejection, but notice of acceptance of the contract as presented for acceptance by the party expected to deliver it. If the guarantors were fully advised that the principal had delivered the paper in breach of a verbal condition as between him and his guarantors; and that plaintiff, in another state, had accepted the instrument and was about to exend credit thereon, it was the duty of the guarantors, as matter of law, to notify plaintiff of such condition.

■ Notice of the condition being essential to give it effect, the burden of averment and proof of notice to plaintiff was on defendant. Board of Education of Preston Independent School Dist. No. 45 v. Robinson, 81 Minn. 305, 84 N. W. 105, 83 Am. St. Rep. 374.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.