FURST-MCNESS COMPANY, Appellee, v. LEO KIELLY, Appellant.

No. 46163.

APRIL 6, 1943.

Joe B. Tye, of Marshalltown, for appellant.

Merle L. Royce, of State Center, for appellee.

OLIVER, J.—Furst & Thomas, a partnership, of Freeport, Illinois, was a wholesaler dealing in certain proprietary remedies, drugs, sundries, poultry and stock preparations, household supplies, etc. Sam E. Oler, of State Center, Iowa, proposed to handle said goods as a retail dealer and entered into a written contract with Furst & Thomas to ship him, on credit, such goods as he might from time to time require. Oler secured the signature of appellant to a written guaranty, which is attached to said contract, and which provides in part that the sureties are bound by the contract and guarantee to Furst & Thomas and its assigns payment for said goods, and that the written acknowledgment of the account by Oler shall bind the sureties. Apparently the contract and guaranty were made upon a printed form of the wholesaler.

This action was brought against appellant upon the guaranty by Furst-McNess Company, a corporation of Freeport, Illinois, as assignee of said contract and guaranty. The petition contains an itemized statement showing debits for goods furnished Oler by the partnership from July to December 1939, and by the corporation in January 1940, together with credits thereon, resulting in a final debit balance of $203.51.

The answer contains a general denial, a denial of appellant's signature, a plea that appellee had no permit to do business in Iowa and no right to maintain the action, and a plea that the guaranty was executed by appellant upon condition that it was not to be delivered or effective unless the signatures of other sureties were secured.

I. Section 8427, Code of Iowa, 1939, denies to foreign corporations without permits to do business in Iowa the right to maintain actions upon contracts made in this state. Appellant

contends the foreign corporation, Furst-McNess Company, was the real party to the contract and that the use of the partnership name, Furst & Thomas, in the contract was merely a device to evade said statutory provisions. This contention need not be considered because the record does not show that the contract was made in this state. The contract did not become effective until accepted by Furst & Thomas, in Illinois.

Nor is the case shown to be within the purview of the statute by the evidence that Oler's contract with appellant's guaranty attached was delivered by Oler to one Failor, in Iowa, that Failor mailed the same to Illinois for acceptance, and that Failor was paid by appellee for his services in the matter. It does not appear that Failor had any connection with this matter other than procuring Oler to enter into the contract. Failor's acts would not in themselves constitute making the contract in Iowa. Burch Mfg. Co. v. McKee, 231 Iowa 730, 2 N. W. 2d 98; Service System v. Johns, 206 Iowa 1164,. 221 N. W. 777.

II. At the trial Oler identified his signature to an acknowledgment, made shortly prior thereto, that his debt to appellee was $203.51, and the acknowledgment was then admitted in evidence over appellant's objections. To sustain the ruling appellee relies upon the clause in the guaranty that the written acknowledgment of his account by the dealer shall bind the sureties. There is some disagreement whether contractual provisions of this nature are against public policy as ousting the courts of their jurisdiction. However, most authorities hold such provisions, which relate to rules of evidence, are valid where they do not attempt to make the evidence conclusive so that it may not be overcome by proof of fraud or mistake. Standard Acc. Ins. Co. v. Fell, La. App., 2 So. 2d 519; W. T. Rawleigh Co. v. Deavours, 209 Ala. 127, 95 So. 459; W. T. Rawleigh Co. v. Graham, 4 Wash. 2d 407, 103 P. 2d 1076, 129 A. L. R. 596; Fidelity & Casualty Co. v. Eickhoff, 63 Minn. 170, 65 N. W. 351, 30 L. R. A. 586, 56 Am. St. Rep. 464; Lunt v. Grand Lodge A. O. U. W., 209 Iowa 1138, 229 N. W. 323.

The provision here in question may be considered an appointment of Oler to make for appellant an acknowledgment of Oler's indebtedness. Such appointment would not bar appellant from

showing vitiating fraud or mistake in such acknowledgment. Therefore, we conclude the provision is valid and the ruling correct.

III. There was no showing of fraud or mistake in Oler's acknowledgment of his debt. Oler, as a witness, testified he received the goods listed in his orders. These were in evidence. Employees and representatives of Furst & Thomas and Furst-McNess Company testified to the receipt of the orders from Oler, the shipping of the goods to him, and that the invoicing and pricing were correct. Pages from the book of original entries showing the items of the account and the debit balance of $203.51 were properly identified and placed in evidence. The evidence of the debt was not contradicted or even questioned. The record conclusively establishes the amount due from Oler to appellee.

IV. At the trial appellant admitted he signed the guaranty. As a separate defense he offered to testify that he signed it at Oler's request upon the agreement and condition that Oler would obtain the signatures of one Terrill and another upon it and would not deliver it until the other sureties had signed. The trial court sustained objections to the offer as hearsay and not binding upon appellee unless it was shown some representative of appellee was present at the time of the asserted agreement.

In an action by a creditor upon a written guaranty made by a guarantor for his principal, the guarantor may plead that he was not bound because the guaranty was delivered to the creditor in violation of an oral agreement, made when it was signed, that the principal should not deliver it or it should not be of any validity until certain others should sign as guarantors. When such plea is supported by substantial evidence the question of conditional delivery is usually one of fact. If such conditional delivery be found, the burden is cast upon the creditor to establish by a preponderance of the evidence the good faith of his ownership. If the creditor proves he received the guaranty without notice of the condition, and without knowledge or information to put him on inquiry, then the violation of such condition will not avail the guarantor as a defense to the creditor's suit. Benton County Sav. Bk. v. Boddicker, 105 Iowa 548, 75 N. W. 632, 45 L. R. A. 321, 67 Am. St. Rep. 310; id. 117 Iowa 407, 90 N. W. 822; Novak v. Pitlick, 120 Iowa 286, 94 N. W. 916, 98

Am. St. Rep. 360; McNight v. Parsons, 136 Iowa 390, 113 N. W.
858, 22 L.R.A., N.S., 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665;
W. T. Rawleigh Medical Co. v. Bane, 181 Iowa 734, 165 N. W.
42; First National Bank v. McCartan, 206 Iowa 1036, 220 N. W.
364; Boyd v. Miller, 210 Iowa 829, 230 N. W. 851.

In this case it cannot be said the evidence conclusively shows
Furst & Thomas was without notice or information sufficient to
put it upon inquiry concerning the alleged condition upon which
appellant signed the warranty. There was little or no direct
evidence upon this proposition from either party. Appellant
proffered substantial evidence tending to prove his plea of con-
ditional delivery. Its exclusion constituted error.

█ V. Appellee contends appellant was estopped to assert
the defense of conditional delivery. If such estoppel was con-
clusively established, the rejection of evidence of conditional
delivery would not constitute reversible error.

It was shown that on July 27, 1939, a registered letter from
Furst & Thomas to appellant was received at appellant's place
of business in State Center. One of appellant's employees signed
appellant's name upon the return-receipt card, together with his
own name, and placed the letter upon appellant's desk. Furst &
Thomas received the return receipt in due course of mail. Ap-
pellee introduced a carbon copy of a letter which an employee
of Furst & Thomas testified was the one in question, and which
states in part:

"We are pleased to inform you that we have received and
accepted the sales agreement of Mr. Sam E. Oler, dated July 25,
1939, which you, alone, have signed as surety."

Appellant made no reply to the letter and denies receiving
the same. Appellee pleaded that in reliance upon the guaranty,
and the failure of appellant to notify it of the alleged conditional
delivery, it delivered the goods to Oler and that appellant was
estopped by his silence to assert such defense.

It is the general rule that when a party ought to speak, he
may not, intentionally or through culpable negligence, keep
silent and allow other parties to be misled to their prejudice. In
some cases in which the signature of the guarantor was allegedly

a forgery, said party has been held under a duty to reply to statements in letters similar to the foregoing. Furst & Thomas v. Smith, 280 Ky. 601, 133 S. W. 2d 941; Strauss Bros. v. Denton, 140 Miss. 745, 106 So. 257, 45 A. L. R. 341; C. C. Heberling Co. v. Dalton, 18 La. App. 233, 138 So. 176; J. R. Watkins Co. v. Rivers, 37 Ga. App. 559, 140 S. E. 770. Contra, Furst v. Carrico, 167 Md. 465, 175 A. 442, 96 A. L. R. 375.

In Andrew v. Hanson, 206 Iowa 1258, 222 N. W. 10, we held the surety was not bound to respond to a letter advising him that sureties other than those specified by him had been substituted as signers with him. That letter merely advised the surety that the creditor had changed the surety's agreement and had made a new agreement for him. The creditor could not legally do this and unless the surety assented the creditor had no right to assume such agreement was effective.

The situation here differs somewhat from the cited forgery cases. In those the guarantor presumably had not signed the guaranty in question and the letter advised him of a guaranty to which he was legally a stranger. We need not now go as far as those holdings. The question of estoppel must turn upon the particular facts of any case. Here appellant had knowingly signed the guaranty to Furst & Thomas. A letter from Furst & Thomas informing him of its wrongful delivery would relate to a business transaction between the parties. Good conscience would more urgently suggest a reply under such circumstances than where the letter related to a forged guaranty not signed by the party and held by a contractual stranger. See J. R. Watkins Co. v. Daniel, 228 Ala. 399, 153 So. 771; H. G. Whitmer Co. v. Petty, 54 Ga. App. 377, 187 S. E. 908.

Assuming the exhibit in evidence to be a carbon copy of the letter in question, we conclude appellant was under a duty to reply thereto. However, the evidence that Furst & Thomas delivered the goods to Oler in reliance upon appellant's silence is, at least, inconclusive. The record shows that half of the goods were shipped to Oler prior to the time the letter reached appellant's place of business. An estoppel for failure to reply to a letter of this nature would not lie as to transactions had by the creditor before the letter reached the party in question and he had time to reply thereto. Nor would the failure to reply to

such letter create an estoppel unless the creditor is shown to be without notice of the conditional delivery of the guaranty.

In view of a retrial in which there may be additional evidence bearing upon the propositions considered in this division, further discussion appears inadvisable. It is sufficient to say the estoppel was not established as a matter of law so as to obviate the error in rejecting the proffered defense of conditional delivery.

Certain other contentions of appellant are without merit. The guaranty was an unconditional guaranty of payment, and appellee was not required to bring suit against Oler before proceeding against appellant. The fact that appellant may have signed the guaranty before Oler signed the contract would not invalidate the guaranty. The record shows the contract contained Oler's signature when it was turned over to Failor by Oler and that it was accepted by Furst & Thomas. The guaranty contains an express waiver of notice of acceptance. Hence, notice to appellant of its acceptance by Furst & Thomas was unnecessary. Other questions may not arise upon retrial.

Appellant's abstract was so inadequate and omitted so much of the record that appellee found it necessary to file a denial and amended abstract covering most of the evidence. The cost of printing appellee's denial and amended abstract is taxed to appellant.—Reversed.

All JUSTICES concur.