BARKDULL, Chief Judge.
These appeals involve a final decree and a decree on the counterclaim rendered by the chancellor in a suit brought by the ap-pellees seeking to rescind [for tortious conduct] a contract of purchase of certain automatic vending machines. These machines were purchased from U. S. Vending Corporation upon a conditional sales contract, which contract was subsequently assigned to Bankers Commerical Corporation. In the course of the proceedings, there were numerous counterclaims and cross-claims, some of which were recognized by the court and some of which were disallowed. One was a claim by Bankers Commercial Corporation to collect the balance remaining on its conditional sales contract.
In the final decree, the chancellor found that the appellant, Simon Srybnik, was guilty of fraud and misrepresentation and awarded damages in the sum of $108,500.00 in favor of the appellee, Ice Tower, Inc. He also awarded, on the counterclaim by Bankers, a judgment in the sum of $116,-321.87 against Ice Tower, Inc., and awarded a judgment of $110,388.13 of this amount against Harris, Linn, Granne, Peiser, Fine-berg and Srybnik on agreements of guaranty in connection with the assignment of the conditional sales contract from U. S. Vending Corporation to Bankers Commercial Corporation. He also decreed certain other relief in the nature of an accounting, to which no party has assigned error. Following the entry of the final decree and the decree on the counterclaim, two appeals were instituted in this court. Under Clerk’s File No. 63-340, the appellant, Srybnik, sought reversal of the judgment against him, contending that same was erroneous as to establishing liability for tortious conduct and that the measure of damages, in the event he was guilty of tortious conduct, was not correctly applied in arriving at the judgment of $108,500.00 entered against him. In the case filed under Clerk’s File No. 63-366, Ice Tower, Inc., the conditional vendee, and the individuals *296 Harris, Linn, Granne, Peiser and Fineberg, contest the validity of the said judgment on the counterclaim, urging that same was granted upon a usurious transaction and that they were not liable thereunder, because the individuals had submitted their guaranty agreements conditionally to a third person not a party to this action [which were to be released only in the event of a contingency]; that the guaranties were released without the happening of the contingency. These cases were consolidated for the purpose of record on appeal and, although not consolidated for briefs and argument, were considered consecutively on this court’s oral argument calendar. Therefore, we are rending this consolidated opinion, disposing of the issues in each cause.
Turning first to the final decree rendered in the original action, filed in this court under Clerk’s File No. 63-340, no error has been made to appear in the finding by the chancellor that Srybnik was guilty of fraud and misrepresentation. There being substantial, competent evidence to support this finding of the chancellor, same is hereby affirmed. See: Stoller v. Jaffee, Fla.App.1960, 125 So.2d 310; Davis v. Levin, Fla.App.1962, 138 So.2d 351; Bargeon v. Bargeon, Fla.App.1963, 153 So.2d 10. However, it does appear from the record that the chancellor and the parties were in error in failing to require or present proof of the difference in value of the chattels between what they would have been worth at the time of the sale and what they were, worth at the time received, which is the correct measure of damages to be awarded upon a finding of tortious conduct resulting in fraud and deceit. See: Williams v. McFadden, 23 Fla. 143, 1 So. 618; West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 So. 176; Tedder v. Riggin, 65 Fla. 153, 61 So. 244; Gunderson v. Havana-Clyde Mining Co., 22 N.D. 329, 133 N.W. 554. Therefore, we are remanding the cause to the chancellor to redetermine the measure of damages to be awarded.
The decree on the counterclaim awarding damages to Bankers, review of which is sought in the case filed under Clerk’s File No. 63-366, be and the same is hereby affirmed. A review of the record fails to reveal the presence of the requisites of a usurious transaction [See: 33 Fla.Jur., Usury, § 10], and the appellants have failed to show the trial court erred in striking their defense of usury. As to the contention that there was not a valid delivery of the individual guaranties of the conditional sales contract, thereby relieving the appellants of liability, counsel candidly admitted during oral argument that the record showed Bankers took assignment of the conditional sales contract and the individual guaranties as a bona fide purchaser, having parted with $114,000.00 for said assignment and without knowledge of a conditional delivery of the personal guaranties. Thus, the appellants are not in a position as against Bankers to urge the invalidity of their personal guaranties [which were part of the consideration for Bankers Commercial Corporation taking assignment of the conditional sales contract and paying out $114,000.00] because of the alleged conditional delivery. See: Benton County Sav. Bank v. Boddicker, 105 Iowa 548, 75 N.W. 632, 45 L.R.A. 321; Merchants Nat. Bank of Cedar Rapids v. Cressey, 164 Iowa 721, 146 N.W. 761;. Furst-McNess Co. v. Kielly, 233 Iowa 77, 8 N.W.2d 730.
By this opinion, we affirm so much of the final decree rendered [which is reviewed in Case No. 63-340] as found the appellant, Srybnik, liable to the appellee, Ice Tower, Inc., but reverse that portion that awarded damages in the sum of $108,500.00, and remand the cause to the chancellor to redetermine the damages in light of the principles announced in this opinion. We have examined the cross-assignments of error raised by the appellees in the instant case, and have found them to be without merit.
*297 We do hereby affirm the decree rendered in the counterclaim in Case No. 63-366 in ail particulars.
Affirmed in part and reversed m part as to cause No. 63-340.
Affirmed as to cause No. 63-366.