BASKIN, Judge
(dissenting in part).
Because no competent evidence supports the jury’s award of damages, I would reverse. Appellee’s claim was predicated upon breach of contract and deceptive trade practices culminating in the delivery of a defective motor home. He asserted that he received a demonstrator rather than a new home. In order to prevail, appellee was required to establish the value of the motor home called for in the contract on the date of the breach and to deduct the value of the home that was actually delivered. Srybnik *540 v. Ice Tower, Inc., 162 So.2d 294 (Fla. 3d DCA 1964). Instead, however, appellee testified to the price at which he was willing to sell the defective motor home and introduced testimony concerning his asking price and an offer to purchase a different motor home purchased from a different dealer and sold over two years later. Appellee established that the motor home was purchased not for resale but for personal use. Consequently, evidence pertaining to the amount of profit he realized on another home, which was purchased for resale, was irrelevant. See Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla.1973).
The cases cited by the majority offer no guidance. They pertain to building contracts and to insurance coverage for damages caused by explosion and present issues which do not appear in the case-under consideration. For these reasons, I would reverse as to damages.
I agree that the award of pre-judgment interest constituted error.